UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09-CR-0045 (PJS/RLE) |
| Plaintiff, | |
| v. | ORDER |
| BRANDON ANTHONY BUCHANAN, | |
| Defendant. | |

Erika R. Mozangue, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Reynaldo A. Aligada, Jr., FEDERAL DEFENDER'S OFFICE, for defendant.

Under 18 U.S.C. § 2259, district courts are required to order restitution in the full amount of a victim's losses for any offense under Chapter 110 of Title 18 of the United States Code. Defendant Brandon Anthony Buchanan was convicted of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) — an offense that is included under Chapter 110 of Title 18. Section 2259 quite explicitly provides that an order of restitution is mandatory for such offenses and further provides that a court may not decline to issue such an order on the basis that the victim has received or is entitled to receive compensation for his or her injuries from any other source. 18 U.S.C. § 2259(b)(4). Likewise, a court may not decline to order restitution on the basis of the defendant's economic circumstances. *Id.*

The presentence investigation report ("PSR") filed in this case identified numerous victims of Buchanan's crime, one of whom is seeking nearly $3.5 million in restitution. Neither party addressed the issue of restitution in their sentencing memoranda. At Buchanan's sentencing hearing, the Court left the issue of restitution to be determined at a later time pursuant

to 18 U.S.C. § 3664(d)(5). A month later, Buchanan and the government filed a stipulation stating that neither party is seeking restitution. Docket No. 43.

By filing this stipulation — and by failing to address the issue of restitution in any substantive manner — the government has put the Court in a difficult position. On the one hand, the Court is confronted with an identified victim who is seeking restitution under a mandatory statute evincing a strong Congressional intent to provide restitution to victims of child pornography. On the other hand, the government shows no interest in pressing the victim's case for restitution, and this lack of interest makes it impossible for the Court to determine whether and to what extent the victim is entitled to restitution. Obviously, the Court cannot enter a restitution order of nearly $3.5 million without any attempt by the government to demonstrate that the victim is entitled to this amount. At the same time, the Court cannot altogether deny restitution without some explanation of why the victim is not entitled to even a single penny of restitution.

This Court has recently handled a number of other child-pornography cases in which the United States Probation Office has identified victims who are seeking restitution. Notwithstanding the strict mandates of § 2259, the government has also declined to pursue restitution in those cases. Given the clear Congressional mandate that those convicted of child-pornography offenses pay restitution to their victims, the Court will no longer accept silence from the government when an identified victim of a child-pornography offense seeks restitution. If the government declines to seek restitution, the government will have to give the Court some explanation for its decision.

Accordingly, the Court will order the government to file a memorandum explaining why the victim identified in the PSR as seeking restitution is not entitled to any restitution under 18 U.S.C. § 2259. In its memorandum, the government should also indicate whether and to what extent that victim has already received any court-ordered restitution pursuant to § 2259. The government's memorandum must be filed no later than January 29, 2010.

SO ORDERED.

Dated: January 4, 2010

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge